IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARK MAGUIRE, § § | |
| vs. § § | Civil Action No.__**5:20-cv-321**__ |
| AMERIHOME MORTGAGE COMPANY, LLC., § § § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1331, 1332, 1446 and LOCAL RULE 81, Defendant AmeriHome Mortgage Company, LLC ("AmeriHome") removes Cause No. 2020CI04044, *Mark MaGuire v. AmeriHome Mortgage Company, LLC* from the 288th Judicial District Court, Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division.

## I.
## INTRODUCTION

Plaintiff Mark MaGuire ("MaGuire") filed his Original Petition, Application for Injunctive Relief and Request for Disclosures (the "Petition") in state court on February 27, 2020.[1] The subject of the lawsuit is real property located at 24838 Twin Arrows, San Antonio, TX 78258 (the "Property"), which AmeriHome had posted for a non-judicial foreclosure sale on March 3, 2020.[2] MaGuire seeks unspecified actual and exemplary damages from AmeriHome in connection with the noticed foreclosure, in addition to equitable relief restraining AmeriHome from foreclosing the Property.[3]

---

[1] *See* Exhibit A-2: Petition.

[2] *See id.* at ¶¶6, 11.

[3] *See id.* at ¶87.

## II.
## TIMELINESS AND CONSENT TO REMOVAL

MaGuire filed his Petition in state court on February 27, 2020 and, to date, AmeriHome has not been served with process. Accordingly, this Notice of Removal is timely filed within thirty (30) days of service of the Petition and citation, as is required by 28 U.S.C. §1446(b)(1). *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

AmeriHome is the only defendant in this action and, therefore, all named defendants have consented to and joined in this removal. *See* 28 U.S.C. §1446(b)(2)(A).

## III.
## VENUE IS APPROPRIATE

Venue is proper in the U.S. District Court for the Western District of Texas, San Antonio Division, because this district and division includes Bexar County, Texas—the location of the pending state court action. *See* 28 U.S.C. §124(d)(4)(stating that the San Antonio Division of the Western District includes Bexar County).

## IV.
## PROCEDURAL REQUIREMENTS

Pursuant to 28 U.S.C. §1446(a), copies of all executed process, pleadings asserting causes of action and the answers thereto, orders signed by the state judge and the docket sheet in the state court action, as well as an index of matters being filed and a list of all counsel of record, are attached to this Notice of Removal. AmeriHome also is filing a copy of the Notice of Removal with the Bexar County 288th Judicial District Court, pursuant to 28 U.S.C. §1446(d). No party has requested a jury trial.

## V.
## BASES FOR FEDERAL SUBJECT MATTER JURISDICTION

**A.     Federal Question Jurisdiction.**

Federal question jurisdiction arises when a plaintiff sets forth allegations "founded on a claim or right arising under the Constitution, treaties or laws of the United States." *Hart v. Bayer Corp.*, 199 F.3d 239, 243 (5th Cir. 2000)(emphasis added); 28 U.S.C. §1331.  A case arises under federal law within the meaning of §1331 if "a well-pleaded complaint establishes that either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006)(emphasis added); *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008).

Here, the face of MaGuire's state court Petition asserts a claim for purported violations of the Real Estate Settlement Procedures Act ("RESPA").[4/] A clearer example of a federal question is unimaginable. *See Smitherman v. Bayview Loan Servicing, LLC*, 727 F. App'x 787, 792 (5th Cir. 2018) (action properly removed to federal court based on federal question jurisdiction where state court petition asserted claim for violation of RESPA).  This Court possesses, and should exercise, supplemental jurisdiction over MaGuire's remaining state law claims because those claims form part of the same case or controversy as his RESPA claim. *See* 28 U. S. C. § 1367(a).

**B.     Diversity Jurisdiction.**

Under 28 U.S.C. § 1332(a), diversity jurisdiction exists when there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See Bynane v. Bank of N.Y. Mellon*, 866 F.3d 351, 355 (5th Cir. 2017).  "[C]omplete diversity requires that all

---

[4/]     *See* Exhibit A-2: Petition at ¶¶42-63.

3

persons on one side of the controversy be citizens of different states than all persons on the other side." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) (internal citations omitted). Both statutory prerequisites for diversity jurisdiction are clearly present here.

1. **Complete Diversity Exists.**

MaGuire is a citizen and resident of Bexar County, Texas, residing at 24838 Twin Arrows, San Antonio, Texas 78258.[5] Because MaGuire is domiciled in Texas, he is a citizen of this state for diversity purposes. *Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 767-68 (5th Cir. 2015).

AmeriHome is a Delaware limited liability company. The citizenship of a limited liability company is "determined by the citizenship of all of its members." *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, L.L.C.*, 757 F.3d 481, 483 (5th Cir. 2014). The sole member of Amerihome Mortgage, LLC is Aris Mortgage Holding Company, LLC, which is also a Delaware limited liability company. The sole member of Aris Mortgage Holding Company, LLC is in turn A-A Mortgage Opportunities, LP, a Delaware limited partnership. A limited partnership is a "citizen of any state in which any of its partners is a citizen." *Ellison Steel, Inc. v. Greystar Constr. LP*, 199 F. App'x 324, 327 n.3 (5th Cir. 2006). None of A-A Mortgage Opportunities, LP's partners is a citizen of Texas. Therefore, AmeriHome Mortgage, LLC is not a citizen of the State of Texas for diversity purposes.

Because no properly joined defendant is a citizen of the same state as MaGuire, complete diversity of citizenship exists in this case.

---

[5] *See id.* at ¶¶2, 7.

## 2. **The Amount in Controversy Exceeds $75,000.00.**

A court may determine that removal was proper if it is facially apparent from the complaint that plaintiff's claims are likely to be above the jurisdictional amount. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993). When a plaintiff does not allege an amount of damages, the removing defendant "must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Chavez v. State Farm Lloyds*, 746 F. App'x 337, 341 (5th Cir. 2018) (internal quotations omitted).

MaGuire's Petition does not allege a specific amount of damages. He does, however, seek temporary and permanent injunctive relief precluding AmeriHome from foreclosing the Property.[6] "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Com'n*, 432 U.S. 333, 347 (1977)).

The fair market value of the Property that MaGuire seek to prevent AmeriHome from foreclosing, according to the most recent appraisal by the Bexar County Appraisal District, is at least $284,540.00.[7] It is therefore beyond dispute that the amount in controversy in this case exceeds $75,000.00.

---

[6] *See id.* at ¶¶87-88..

[7] *See* Bexar County Appraisal District Summary attached as Exhibit A-7. It is appropriate for the court to take judicial notice of the Bexar County Appraisal District Summary because it is a public record and the information it provides is readily ascertainable and the source—the Bexar County Appraisal District—cannot reasonably be questioned. FED. R. EVID. 201(b)(2), 803(8); *see Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011); *Johnson v. United Healthcare of Tex., Inc.*, 167 F. Supp. 3d 825, 835 (W.D. Tex. 2016) ("district courts in this circuit have routinely held that materials printed off a government website are admissible under [FRE] 803(8).")

## **CONCLUSION**

Having satisfied the requirements for removal under 28 U.S.C. §§ 1331, 1332 and 1446, AmeriHome gives notice that Cause No. 2020CI04044, now pending in the 288th Judicial District Court, Bexar County, Texas, has been removed to this Court.

Respectfully submitted,

By: */s/ Joshua A. Huber*
Joshua A. Huber
Attorney-in-Charge
State Bar No. 24065457
SD Tex. Bar No. 1001404
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
(713) 228-6601
(713) 228-6605 (fax)
jhuber@blankrome.com

ATTORNEY FOR DEFENDANT AMERIHOME MORTGAGE COMPANY, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2020, a true and correct copy of the foregoing and/or attached instrument was served electronically on all counsel of record through the Western District of Texas CM/ECF filing System, and also as indicated below:

**Via E-mail:**
Robert C. Vilt
Kerry Prisock
VILT AND ASSOCIATES – TX, P.C.
5177 Richmond Ave., Suite 1142
Houston, Texas 77056
clay@viltlaw.com
kerry@viltlaw.com

*/s/ Joshua A. Huber*
Joshua A. Huber